SCHELL *v.* COCHRAN.

COCHRAN *v.* SCHELL.

1. Where a collector of customs brings a writ of error to review a judgment recovered against him for moneys exacted by and paid to him on entries, this court will, if it affirms the judgment, allow interest on it, under rule 23.
2. In such a case, the "final judgment," the amount whereof is payable under sect. 989 of the Revised Statutes, is that rendered by the court below pursuant to the mandate of this court.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The case is stated in the opinion of the court.

*The Solicitor-General* for Schell.

*Mr. George Bliss, contra.*

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

These writs of error were brought to review a judgment rendered by the Circuit Court of the United States for the Sou*t*ern District of New York, Oct. 14, 1882, *nunc pro tunc* as of Oct. 7, 1882, in favor of Thomas Cochran and William Barber, surviving partners of S. Cochran & Co., against Augustus Schell, late collector of customs, for the sum of $1,892.83, composed of $1,734.80 damages and $158.03 costs. The damages were for excessive fees exacted at the custom-house on entries, and the writ of error brought by Schell was brought to review the judgment in respect to the recovery for such fees. The writ of error brought by S. Cochran & Co. was based on their failure to recover in the suit for duties paid under protest. The writs of error were heard together at this term and the judgment was affirmed, the recovery for the fees and the failure to recover for the duties being both of them sustained. The judgment of this court, as set forth in the mandate, was rendered March 19, and covered both writs of error, and directed that the judgment of the Circuit Court be affirmed, "with interest until paid, at the same rate per annum that similar judgments bear in the courts of the State of New

York." The mandate was sent to the court below on the 4th of April, and now the Solicitor-General, representing the United States, moves, on behalf of Schell, to correct the judgment and the mandate by striking out the direction as to interest, so that the judgment rendered Oct. 14, 1882, shall not carry interest up to the time a new judgment is rendered by the court below on the mandate.

This application appears to be based on the construction given to a decision made by the Circuit Court for the Southern District of New York, in January, 1882, in *White* v. *Arthur*, 20 Blatchf. 237. That was a suit against a collector of customs to recover duties paid, in which the Circuit Court rendered a judgment for the plaintiffs, March 1, 1881, for $2,295.90, and where at the trial of the action the court had made a certificate of probable cause, under sect. 989 of the Revised Statutes. The judgment being presented for payment out of the treasury, under that section, the amount of the face of it was paid, without any interest on it after its rendition. The court being applied to by the attorney for the United States to direct satisfaction of the judgment to be entered of record, it was held that the government was not liable for any interest on the amount of the judgment after its entry. This decision was founded on a consideration of the statutory provisions on the subject of the payment out of the treasury of the amount of a judgment recovered against a collector of customs or other officer of the revenue, for money paid to him and by him paid into the treasury in the performance of his official duty, where a certificate of probable cause is granted. The result reached was that, under the language of sect. 3 of the act of June 14, 1878, c. 191, sect. 1 of the act of March 3, 1879, c. 183, sect. 1 of the act of June 16, 1880, c. 234, sect. 1 of the act of March 3, 1881, c. 132, interest accruing after the entry of such a judgment, on its amount, or on the money so paid to the officer, is not to be paid by the government; and that, under sect. 989, the officer is not personally liable for such interest.

This court has never made any decision on the points thus ruled on in *White* v. *Arthur*. The case of *Erskine* v. *Van Arsdale*, 15 Wall. 75, was a suit to recover back an internal revenue tax illegally exacted. The court below had instructed

the jury that they might, in their verdict, add interest to the tax paid. This court held that instruction to be correct, but the only decision was that interest might be added from the time of the illegal exaction to the verdict. Nothing was decided as to interest on the judgment when the government should come to pay it. The interest included in the verdict is put in before there is any certificate of probable cause, and, if there is no such certificate, the government assumes no part of the liability of the defendant.

In *United States* v. *Sherman*, 98 U. S. 565, all that was decided was that there must be a certificate of probable cause, under sect. 989, before the liability of the government to pay a judgment against a revenue officer can attach, and that, where a certificate of probable cause is made after the judgment is rendered, the government is not liable for the interest which accrues on the judgment before the making of the certificate. In that case the government had voluntarily paid the interest which accrued after the making of the certificate.

It is provided by sect. 1010 of the Revised Statutes, that " where, upon a . writ of error, judgment is affirmed in the Supreme Court, or a Circuit Court, the court shall adjudge to the respondent in error just damages for his delay." Rule 23 of this court provides that where a judgment is affirmed on a writ of error, " the interest shall be calculated and levied from the date of the judgment below, until the same is paid, at the same rate that similar judgments bear interest in the courts of the State where such judgment is rendered." This statute and rule, and the practice under them, followed in the mandate in the present case, of allowing interest on the affirmance of a judgment where a collector is plaintiff in error, were urged by the counsel for the defendant in *White* v. *Arthur*, as showing that in that case interest on the judgment should be paid; but the court held that such practice could not affect the question there raised, because the allowance of such interest belonged solely to the putting the judgment in shape, as one in a private suit.

The interest allowed in the present case, in the judgment of this court, was allowed under rule 23, which, in its provisions as to interest, is in harmony with sect. 966 of the Revised

Statutes, originally enacted as sect. 8 of the act of Aug. 23, 1842, c. 188. Such interest, for the time a writ of error is pending, is really damages for delay. When the mandate of this court goes to the court below, it is necessary that that court, with a view to execution, should enter a further judgment in accordance with the mandate, covering the direction of this court as to interest and as to costs in this court on the writ of error. A writ of error in a case of this kind, being brought by direction of a department of the government, operates as a *supersedeas*, under sects. 1000 and 1001 of the Revised Statutes, without any bond to answer in damages being given. The plaintiff in the judgment being stayed as to execution while the case is in this court, and there being a new judgment rendered by this court in the suit, " the final judgment " referred to in sect. 989 is the judgment as it stands after its affirmance by this court, and after the court below has rendered such judgment as the mandate of this court requires. Therefore, the interest allowed in this case is interest before final judgment, and is of the same character as the interest allowed before judgment in a suit against a collector where there is no writ of error. In both cases, when there is a final judgment, the principle applies, declared by this court in *Erskine* v. *Van Arsdale, ubi supra*, that it is to be presumed the government is always ready and willing to pay its ordinary debts. But, where there is a judgment and a certificate of probable cause, and thus a case for payment out of the treasury under sect. 989, and then, by direction of the government, a writ of error is taken which operates as a stay, interest on the judgment during the stay ought to be allowed, and the statutes not only do not forbid such allowance, but permit it. The expression " interest and costs in judgment cases," in the appropriation bills before referred to, clearly includes the interest in the present case, it being interest before final judgment.

*Application denied.*