**MELLON, Secretary of the Treasury, et al. v. UNITED STATES ex rel. HILL.**

Court of Appeals of District of Columbia. Submitted November 5, 1929. Decided December 2, 1929.

No. 4935.

Leo A. Rover, John W. Fihelly, Charles Hendler, and O. R. McGuire, all of Washington, D. C., for appellants.

E. B. Burling and William Merrick Parker, both of Washington, D. C., and Arthur D. Hill, of Boston, Mass., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District directing the issuance of a writ of mandamus requiring the Commissioner of Internal Revenue and the Comptroller General to approve forthwith payment to appellee out of the Treasury of the United States the sum of $37,642.73, alleged to be due him for in-terest on a judgment (between its date and date of payment) entered in his favor on August 1, 1927, in the District Court of the United States for the District of Massachusetts in a suit against the collector of internal revenue for that district for the erroneous or illegal assessment and collection of internal revenue taxes; a certificate of probable cause having been filed. The writ further directs the Secretary of the Treasury to pay forthwith the sum mentioned.

Upon the filing of the petition for the writ, a rule to show cause issued; appellants filed a joint and several answer. Appellee demurred. Upon hearing, the demurrer was sustained. Appellants electing to stand on their answer, the writ as prayed was directed to be issued.

Appellants contend, first, that subsection (b) of section 177 of the Judicial Code, as amended by section 1117(b) of the Revenue Act of 1926 (44 Stat. 9, 119 [28 USCA § 284, note]), controlled the allowance of interest on appellee's judgment, and that interest was allowable from the date of the payment or collection of the taxes only "to the date of entry of such judgment." Interest was computed and paid accordingly. Second, that the writ of mandamus may not issue to compel the payment of money from the Treasury of the United States where there is another plain, adequate, and complete remedy. Third, that the Comptroller General may not be compelled by writ of mandamus to allow a claim never presented to him for payment prior to the filing of the petition for mandamus and to certify it for payment from an appropriation which does not authorize such payment.

Section 1117 of the Revenue Act of 1926 (44 Stat. 9, 119 [28 USCA § 284, note]) provides:

"Section 177 of the Judicial Code, as amended, is amended to read as follows:

"'Sec. 177 (a) No interest shall be allowed on any claim up to the time of the rendition of judgment by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest, except as provided in subdivision (b).

"'(b) In any judgment of any court rendered after the enactment of the Revenue Act of 1926 (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any internal-revenue tax erroneously or illegally assessed or collected, or for any penalty collected without authority or for any sum which was excessive or in any manner wrongfully collected, under the in-

ternal-revenue laws, interest shall be allowed at the rate of 6 per centum per annum upon the amount of such tax, penalty, or sum, from the date of the payment or collection thereof to the date of entry of such judgment or, if such judgment is reviewed by an appellate court, to the date of entry of final judgment.'"

The judgment in question having been rendered after the enactment of the Revenue Act of 1926, it is at once apparent that, if the provisions of that act control, appellee was not entitled to interest beyond the date of the entry of the judgment.

Section 966, Rev. St. (28 USCA § 811), provides for the allowance of interest on all judgments in civil causes recovered in circuit or district courts in cases where, by the law of the state in which the court is held, interest may be levied under process of execution on judgments recovered in the courts of such state, and that it shall be calculated from the date of judgment "at such rate as is allowed by law on judgments recovered in the courts of such state."

The suit in this case against the collector was personal (Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828), but a certificate of probable cause was issued. Under section 989, Rev. St. (28 USCA § 842), after the issuance of such a certificate, "no execution shall issue against such collector or other officer, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the Treasury." Until the issuance of the certificate, the government assumes "no part of the liability of the defendant." Upon the issuance of the certificate, "the claim of the plaintiff in the suit is practically converted into a claim against the government. But not until then." United States v. Sherman, 98 U. S. 565, 567, 25 L. Ed. 235; 'Schell v. Cochran, 107 U. S. 625, 627, 2 S. Ct. 827, 27 L. Ed. 543.

Internal revenue taxes having been "erroneously or illegally assessed or collected," interest was allowable to appellee under the express provisions of the Revenue Act of 1926 (28 USCA § 284, note) "at the rate of 6 per centum per annum upon the amount of such tax, penalty, or sum, *from the date of the payment or collection thereof to the date of entry of such judgment*." (Italics ours.) That the act of 1926 applied cannot be doubted, but appellee insists "that the statute only has to do with interest up to the time of judgment, and it is only by implication that it can be stretched to cover interest after judgment." We think the maxim, "expressio

unius est exclusio alterius," applies. See Wilbur v. United States, 58 App. D. C. 347, 30 F.(2d) 871; Stephens v. Smith, 10 Wall. 321, 19 L. Ed. 933; Raleigh & G. R. Co. v. Reid, 13 Wall. 269, note, 20 L. Ed. 570; Ford v. United States, 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793.

Congress is presumed to have known that under section 966, Rev. St. (28 USCA § 811), in a personal action, interest is allowable on a judgment at such rate as is allowed by the law on judgments recovered in the courts of the state where the judgment is rendered. In section 1117(b) of the Revenue Act of 1926 (28 USCA § 284, note) Congress was not dealing with the general subject of interest, as in section 966, Rev. St. (28 USCA § 811), but with the special subject of interest on "any judgment of any court * * * for any internal-revenue tax erroneously or illegally assessed or collected. * * *" The language of this section is comprehensive and specific, and in our view it would be a strained construction to rule that Congress did not intend it to be exclusive. See Burrows v. Woodworth (D. C.) 11 F.(2d) 777.

That such was the intent of Congress is further indicated by section 615(a) of the Revenue Act of 1928, approved May 29, 1928 (45 Stat. 877 [28 USCA § 284]), again amending section 177 of the Judicial Code, and providing that "in any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, * * *) for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue." Apparently Congress concluded that the act of 1926, being exclusive, did not adequately protect those from whom internal revenue taxes had been erroneously collected, and therefore extended the period within which interest on judgments for such overpayments would be allowable to a date within 30 days of the actual payment.

Counsel for appellee attaches importance to the fact that the mandate of the Supreme Court of the United States in Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081 (where the facts were similar to the facts in this case, except that in this case no appeal was taken from the judgment of the District Court), required

the payment of interest on the final judgment to the actual date of payment. There is no indication in the opinion of the court that section 1117(b) of the Act of 1926 (28 USCA § 284, note) was brought to its attention. Moreover, rule 30 of the Rules of that court provides for the allowance of interest "at the same rate that similar judgments bear interest in the courts of the State where such judgment was rendered." This rule, the court has indicated, is in harmony with section 1010, Rev. St. (28 USCA § 878), authorizing the court to adjudge to the respondent in error just damages for the delay of the plaintiff in error. Schell v. Cochran, 107 U. S. 625, 627, 2 S. Ct. 827, 27 L. Ed. 543.

The judgment of appellee having been fully satisfied, there was no basis for the issuance of the writ of mandamus. It is therefore unnecessary to consider other questions raised by appellants.

Judgment is reversed, with costs, and cause remanded for further proceedings.

Reversed.