## LOUISVILLE TRUST CO. v. NATIONAL BANK OF KENTUCKY et al.

District Court, E. D. Kentucky.
Feb. 14, 1933.

See, also, 3 F. Supp. 909.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on motion of the plaintiff to set aside so much of the order entered herein January 30, 1933, allowing an appeal from a money judgment theretofore recovered by it as provides for a stay of execution and other proceedings on such judgment pending the appeal. It is conceded that the case comes within title 28 USCA § 870 in that in taking the appeal the defendants are acting under the direction of a department of the government, to wit, the comptroller of the currency. That such a case does so come was held in the cases of Pacific Bank of Boston v. Mixter, 114 U. S. 463, 5 S. Ct. 944, 29 L. Ed. 221, Robinson v. Southern National Bank (C. C.) 94 F. 22.

The question presented by the motion is whether this statute relieves the defendants of the necessity of executing a supersedeas bond in order to be entitled to stay of execution and other proceedings on the judgment pending the appeal. I do not readily take in plaintiff's argument that it does not. The provision says in so many words that no bond to answer for damages shall be required. A supersedeas bond is a bond to answer for damages, i. e., to pay the damages which the appellee may sustain by reason of the appeal if it is unsuccessful. Those damages are not limited to damages sustained by reason of the delay in payment of the judgment, but include the amount of the judgment itself. That such is the case is shown by the provision of the preceding section, to wit, 869. That section provides that except as provided in section 870 bond shall be required to "answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas." According to this an appeal bond conditioned to answer all damages and costs is in and of itself a supersedeas and stays execution. That an appeal bond conditioned as required by this provision and by rule 29 of the Supreme Court (now rule 33, see 28 USCA § 354) and rule 13 of the Circuit Court of Appeals covers the amount of the judgment or decree as well as damages for delay was held in Wood v. Brown (C. C. A.) 104 F. 203, American Surety Co. v. North P. & P. Co. (C. C. A.) 178 F. 810.

Now in the face of the express provision of section 870 that no bond to answer in damages, as well as in costs, the meaning of which is that no supersedeas bond shall be required, plaintiff contends that such a bond shall be required. Seemingly it contends that the word "damages" in the section should be limited to damages for delay in collecting the judgment and does not cover the amount of the judgment itself. This, as we have seen, is not sound. But if it were, it would not help plaintiff. A bond to answer for delay damages only could be of no value unless it operated as a supersedeas and stayed execution. If it did not do so, there could be no such damages. A mere appeal does not in and of itself delay a plaintiff in the collection of his judgment. But its principal argument seems to be that because section 870 makes provision for payment of costs and none for the payment of the judgment in case the appeal is unsuccessful in some way shows that it was not the intention that execution or other proceedings on the judgment should be stayed without a supersedeas bond. I am unable to make this out. What such provision shows is that it was the intention that the government or a party acting under direction of one of its departments should have the right to take an appeal from a money judgment against it without further risk than to have to pay the costs of the appeal.

The plaintiff cites Cochran v. Schell, 107 U. S. 625, 2 S. Ct. 827, 27 L. Ed. 543, Lee v. Jackson L. & T. Co. (C. C. A.) 261 F. 721, Medusa, etc., Co. v. McCormick, etc. (C. C. A.) 266 F. 981, in support of its contention. But they have no bearing whatever on the point involved.

The motion is overruled.