C.H. SANDERS CO., INC., and Bristol Construction Corp., a Joint Venture, Plaintiff,

v.

BHAP HOUSING DEVELOPMENT FUND COMPANY, INC. and Samuel R. Pierce, Secretary of Housing ad Urban Development, Defendants.

No. 87–CV–3874.

United States District Court, E.D. New York.

Oct. 4, 1990.

On Motion for Reargument Nov. 9, 1990.

---

See also 903 F.2d 114.

Ross & Cohen, New York City, for plaintiff.

Martin E. Karlinsky, Daniel E. McIntyre, Scheffler, Karlinsky & Stein, New York City, Thomas McFarland, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

The plaintiff obtained an order of this court directing the defendant HUD to show cause why it should not be directed to (1) pay to the plaintiff the sum of $618,015.88 in full satisfaction of a supplemental judgment against HUD entered on June 6, 1990; (2) pay the costs and attorneys' fees incurred in seeking the relief.

The background of this case leading up to this application is fully set out in a Memorandum and Order issued by this Court on January 12, 1990; the decision of the United States Court of Appeals for the Second Circuit dated May 8, 1990; and that of August 15, 1990, familiarity with which is assumed. HUD has, on August 3, 1990, again filed a notice of appeal seeking a review of the issue of the waiver of HUD's sovereign immunity claims which the Court of Appeals has already ruled on adversely to HUD. That appeal is pending.

Following the entry of the supplemental judgment on June 6, 1990, and the failure of HUD to pay it, the plaintiff, pursuant to Rule 69(a), Fed.R.Civ.P., and Article 54 of the N.Y. C.P.L.R. (a) served a restraining notice upon the judgment debtor, HUD; (b) served restraining notices and information subpoenas upon the Federal Reserve Bank of New York and seven of the largest commercial banks in the City of New York; (c) served a restraining notice upon the United States Department of the Treasury; and (d) served a deposition subpoena *duces tecum* upon the Judgment debtor which was returnable on September 10, 1990. The information sought by the subpoena is critical in the light of the *per curiam* decision of the Court of Appeals of August 15, 1990, which provides in its entirety as follows:

> The Government's petition for rehearing misapprehends that our decision will oblige the Secretary to satisfy any judgment that might be rendered out of Treasury funds. It will not. The Secretary will be obliged to satisfy the judgment only out of non-Treasury funds that are available to him, if any. If no such funds are available, the Secretary will have no payment obligation.

*C.H. Sanders Co. v. BHAP Housing Dev. Fund Co.*, 910 F.2d 33.

The subpoena is obviously in aid of learning the extent of non-Treasury funds available to the Secretary. The defendant has elected to ignore the subpoena. Having failed to have its judgment satisfied and

having failed to have its subpoena honored, the plaintiff was driven to seek an order from the Court directing HUD to forthwith satisfy its judgment, relying for the relief it seeks upon Rule 69(a), Fed.R.Civ.P., N.Y. C.P.L.R. §§ 5225 and 5240, and the All Writs Act, 28 U.S.C. § 1651.

■ HUD's sole basis for resisting the relief sought is that the Notice of Appeal it filed operates to divest this Court of jurisdiction to issue any further orders in the proceeding and, in effect, gives rise to an "automatic stay" of the enforcement of the judgment. It is significant to note that in its order of January 12, 1990, this Court denied the defendant's application for a stay pending appeal. For the reasons that follow, the plaintiff's motion for a Turnover Order will be and hereby is granted.

The defendant must be presumed to have recognized the necessity of obtaining a stay of proceedings to enforce the judgment given the fact that it sought one. Indeed, Rule 62(a), Fed.R.Civ.P., and Rule 8(a), Fed.R.App.P., make that necessity manifest. It nevertheless persists in asserting such a stay relying upon the plethora of cases invoking the general rule that an effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal. It would be an affectation of research to cite the cases which announce that rule. The defendant blithely ignores, however, the plethora of cases which plainly hold that to that general rule there is an exception which is precisely applicable to this motion.

The principle precisely applicable here is stated with exquisite precision in 9 Moore's Federal Practice ¶ 208.03 (2d ed. 1990) as follows:

A party who desires to appeal is not obliged to seek a stay of the judgment pending appeal. *The only consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final, notwithstanding that an appeal is pending. If the judgment awards money or property, it may be executed upon unless stayed;*

(emphasis added).

That exception to the general rule was recognized in *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585 (6th Cir.1987), which stated it as follows, at p. 588:

"... the mere pendency of an appeal does not, in itself, disturb the finality of a judgment.... [T]he district Court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded.... Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment.

The court went on to emphasize the crucial difference between expanding upon an order after a notice of appeal has been filed and enforcing such an order, the district court being precluded from expansion but not enforcement.

In *Deering Milliken, Inc. v. F.T.C.,* 647 F.2d 1124 (D.C.Cir.1978), the court stated it thus, at pp. 1128–29;

It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing. But it is equally clear that the vitality of that judgment is undiminished by pendency of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative.

*See also, International Paper Co. v. Whitson,* 595 F.2d 559 (10th Cir.1979); *Lara v. Secretary of the Interior of the United States,* 820 F.2d 1535, 1542–43 (9th Cir. 1987); *Island Creek Coal Sales v. City of Gainesville,* 764 F.2d 437 (6th Cir.1985); *National Service Industries, Inc. v. Vafla,* 694 F.2d 246, 250 (11th Cir.1982); *BGW Associates, Inc. v. Valley Broadcasting Co.,* 532 F.Supp. 1115 (S.D.N.Y.1982).

Since no stay has been granted either by this court or by the Court of Appeals, the relief plaintiff seeks must be granted. The defendant is, therefore, hereby directed to obey the subpoena *duces tecum* previously served and which was returnable on Sep-

tember 10, 1990, on a day to be fixed by the plaintiff upon five days notice and to satisfy the supplemental judgment entered in favor of the plaintiff on June 6, 1990, from non-Treasury funds that are in the possession or under the control of HUD.

■ The plaintiff seeks an award of the costs and attorneys fees incident to the bringing of this motion. It bases its claim for such relief upon Rule 11, Fed.R.Civ.P., and upon 28 U.S.C. § 2412. A cursory examination of the relevant authorities would have dispelled the possibility of a reasonable belief that the opposition to the plaintiff's motion was warranted by existing law or by a good faith argument that the existing law should be extended, modified or reversed. The conclusion is inescapable that the defendant's papers were interposed for no purpose other than to harass, cause unnecessary delay or needlessly increase the cost of litigation. Rule 11, Fed.R.Civ.P.

In *N.L.R.B. v. Cincinnati Bronze, Inc.*, *supra*, the Court considered the propriety of imposing sanctions pursuant to Rule 38, Fed.R.App.P., which provides that damages and single or double costs may be awarded to an appellee if the court determines that an appeal "is frivolous." In concluding that sanctions should be imposed, it wrote:

Frivolity, like obscenity, is often difficult to define. With courts struggling to remain afloat in a constantly rising sea of litigation, a frivolous appeal can itself be a form of obscenity.

\* \* \* \* \* \*

We conclude that the present appeal represents the latest in a seemingly endless series of attempts ... to frustrate the [plaintiff's] efforts to obtain relief to which it is clearly entitled.

829 F.2d at 591. That observation is peculiarly apposite here.

For the very same reasons, the conclusion is inescapable that the position of the defendant was *not* substantially justified. 28 U.S.C. § 2412(d)(1)(A).

The plaintiff's application for an award of costs, expenses and attorneys' fees incurred in bringing this motion is hereby granted. The plaintiff's attorney shall submit an affidavit listing the time spent, hourly rate charged and expenses incurred on or before October 15, 1990. The defendant may submit papers in opposition on or before October 22, 1990, and a hearing will be held at 9:30 a.m., on October 26, 1990.

SO ORDERED.

## ON MOTION FOR REARGUMENT

The government has filed a motion pursuant to Rule 3(j) of the local rules of this court seeking reargument of a determination made October 4, 1990. The procedural history of this latest filing bears brief review. Most of the history of the case has been fully set out in a Memorandum and Order issued by this court on January 12, 1990 and in decisions of the United States Court of Appeals for the Second Circuit dated May 8, 1990 and August 15, 1990, 1990 U.S.App.Lexis 7658; 1990 U.S.App. Lexis 14319, familiarity with which is assumed. On August 3, 1990 the defendant filed yet another Notice of Appeal seeking review of issues that court had already decided. In the Memorandum of Law in Support of this Motion ("Memorandum") the defendant advises that that Notice of Appeal was a "protective notice," filed for the purpose of preserving the government's right to appeal and that it will be withdrawn. (Mem. p. 10).

In response to an order to show cause filed by the plaintiff, this court, on October 4, 1990 directed the defendant to pay the full amount of a judgment entered June 6, 1990 and to obey a subpoena *duces tecum* which had been previously issued. The defendant resisted complying with the subpoena and satisfying the plaintiff's judgment contending that the Notice of Appeal filed August 3, 1990 divested this court of jurisdiction to issue any further orders. An application which had been made by the government for a stay pending appeal was denied and a stay was not obtained from the Court of Appeals.

The Memorandum and Order of October 4, 1990 rejected the government's contention. In doing so, reliance was placed upon the principle that the filing of a Notice of

Appeal does not divest the court of jurisdiction to enforce its judgment when the appellant has not obtained a stay. The authorities announcing and applying that principle were reviewed. In that order the court also granted the plaintiff's application for an award of costs, expenses and attorney's fees.

By letter dated October 12, 1990, the defendant requested an extension of time to file a motion to reargue the October 4th order pursuant to Local Rule 3(j). That request was denied for the reasons stated in a Memorandum and Order dated October 15, 1990. In its memorandum at page 3 n. 1, the government calls to the attention of the court the fact that its October 4, 1990 Memorandum and Order was not docketed until October 9, 1990 and therefore, in accordance with Local Rule 3(j) the government had until October 19, 1990 to file this motion and did so.

In its memorandum of law in support of its motion for reconsideration, the government contends that this court "overlooked controlling Supreme Court decisions" (Mem. p. 3); that "the exception to the general rule which this court relied upon is completely inapplicable" (Mem. p. 5); that "The court is wrong" (Mem. p. 8); and characterizes its October 4, 1990 Memorandum and Order as "harsh," "unfair," "inaccurate" and as having "lambasted the government." (Mem. p. 7.)

The dim view the government takes of this court's decision is bottomed upon the government's reading of two cases, *Pacific National Bank of Boston v. Mixter,* 114 U.S. 463, 464, 5 S.Ct. 944, 944, 29 L.Ed. 221 (1885) and *Cochran v. Shell* (sic), 107 U.S. 625, 630, 2 S.Ct. 827, 831, 27 L.Ed. 543 (1883) which, it contends, hold that a notice of appeal filed by the government automatically operates as a supersedeas and prohibits this court from acting in aid of the enforcement of its judgment.

The opinion of the Court in *Mixter* consists of five sentences. Before the Court was a motion to dismiss a writ of error. In its entirety, the opinion reads:

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Under § 1001 of the Revised Statutes no bond for the prosecution of the suit, or to answer in damages or costs, is required on writs of error or appeals issuing from or brought to this court by direction of the Comptroller of the Currency in suits by or against insolvent national banks, or the receivers thereof. This is such a case.

There is abundant evidence in the record that the direction from the comptroller to the receiver was to take out a writ of error in this case, although, by mistake in one of the papers, Henry Mixter was named as the plaintiff instead of George Mixter.

Motion denied.

In *Schell v. Cochran,* writs of error were brought to review a judgment in favor of Cochran and Barber against Schell, the collector of customs, for $1,734.80 in damages and $158.03 in costs. The mandate issued by the Supreme Court directed that the judgment of the Circuit Court be affirmed "with interest until paid...." The United States moved to correct the judgment and mandate by striking the direction as to interest so that the judgment initially rendered does not carry interest until a new judgment is rendered by the court below on the mandate. The motion was denied for reasons which are not relevant here. The government makes no reference to any statement by the court, but, I suspect, it is the following language in that opinion which induces it to persist in multiplying this litigation and to insist that it is correct in doing so:

A writ of error *in a case of this kind,* being brought by direction of a department of the government, operates as a supersedeas, under sects. 1000 and 1001 of the Revised Statutes, without any bond to answer in damages being given. The plaintiff in the judgment being stayed as to execution while the case is in this court, and there being a new judgment rendered by this court in the suit, "the final Judgment" referred to in sect. 989 is the final judgment as it stands after its affirmance by this court, and after the court below has rendered

such judgment as the mandate of this court requires.... But, where there is a judgment *and a certificate of probable cause, and thus a case for payment out of the treasury under sect. 989, and then, by direction of the government, a writ of error is taken which operates as a stay,* interest on the judgment during the stay ought to be allowed, and the statutes not only do not forbid such allowance, but permit it. (Emphasis supplied).

The government's reliance upon those cases is misplaced and its reading of them wanting. I start with its reference to *Mixter.* I have been unable to mine from that cursory opinion the principle for which the government cites it, namely, that the filing of a notice of appeal precludes this court from acting in aid of execution upon its judgment. The reference there to § 1001 of the Revised Statutes of 1878, does, however, furnish a clue. That section provided, in relevant part:

> Sec. 1001. Whenever a writ of error, appeal, or other process in law, admiralty, or equity, issues from or is brought up to the Supreme Court, or a circuit court, either by the United States or by direction of any Department of the Government, no bond, obligation, or security shall be required from the United States, or from any party acting under the direction aforesaid, either to prosecute said suit, or to answer in damages or costs.

Section 1001 of the Revised Statutes of 1878 became 28 U.S.C. § 870 (1940 ed.) and then the current 28 U.S.C. § 2408 which provides, in relevant part:

> § 2408. Security not required of United States

> Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding.

*Mixter,* therefore, stands for the proposition that the government need not post a bond or furnish security when pursuing an appeal. It hardly stands as authority for the principle the government advocates.

■■■ A brief digression may serve to illuminate the cause for the government's confusion. A supersedeas is a suspension of the power of the court below to issue an execution on the judgment. *See, e.g., Hovey v. McDonald,* 109 U.S. 150, 159, 3 S.Ct. 136, 141, 27 L.Ed. 888 (1883). As supersedeas bond is the security the appellant must file and from which the appellee will be made whole if the appeal is unsuccessful. *See Black's Law Dictionary* (5th ed.). The first sentence of Rule 62(a), Fed.R. Civ.P., for example, is a supersedeas. It provides that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." The Note of the Advisory Committee on Rules to Subdivision (a) states that "The first sentence states the substance of the last sentence of U.S.C., Title 28, former § 874 (Supersedeas)." Rule 62(d) provides for the supersedeas bond as a condition for a stay and the Note to Subdivision (d) makes reference to § 874 and to Rule 73, Fed.R. Civ.P. "which governs supersedeas bonds on appeal to a circuit court of appeals." Rule 73 was abrogated effective July 1, 1968 and its essence is now in Rules 7 and 8,[1] Fed.R.App.P. The antecedent of these

1. **Rule 8. Stay or Injunction Pending Appeal**
(a) **Stay Must Ordinarily Be Sought in the First Instance in District Court; Motion for Stay in Court of Appeals.** Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action....
(b) **Stay May Be Conditioned Upon Giving of Bond; Proceedings Against Sureties.** Relief available in the court of appeals under this rule may be conditioned upon the filing of a bond or other appropriate security in the district court....

provisions was § 1007 of the Revised Statutes of 1878 which was then transformed into the former 28 U.S.C. § 874 which in turn became Rules 62(d) and 73(d), Fed.R. Civ.P. Section 1007 provided:

> **Sec. 1007.** In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, *and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of [the said term of sixty] [ten] days.* (Emphasis added).

Thus, there is a plain distinction to be understood between the supersedeas, on the one hand, and the bond obligation securing that supersedeas, on the other hand.

Lest it be argued that the government's exemption from the obligation to post a bond or furnish security implies that the mere filing of a notice of appeal operates as a stay, the fallacy of such argument is plainly revealed by Rule 62(e), Fed.R. Civ.P.,[2] which provides:

> When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States *and the operation or enforcement of the judgment is stayed,* no bond, obligation, or other security shall be required from the appellant. (Emphasis added).

As has been indicated, the operation or enforcement of the judgment in this case was *not* stayed.

The clue to an understanding of the second case the government cites, *Schell v. Cochran,* is found in examining the statutory references in the context of that case. As has been previously noted, that was a suit for damages against a customs collector. The reference to § 989 of the Revised Statutes of 1878 becomes meaningful in the light of that fact. That statute became 28 U.S.C. § 842 (1940 ed.) and eventually 28 U.S.C. § 2006 which provides:

> **§ 2006. Execution against revenue officer**
>
> Execution shall not issue against a collector or other revenue officer on a final judgment in any proceeding against him for any of his acts, or for the recovery of any money enacted by or paid to him and subsequently paid into the Treasury, in performing his official duties, if the court certifies:
>
> (1) probable cause existed; or
>
> (2) the officer acted under the directions of the Secretary of the Treasury or other proper Government officer.
>
> When such certificate has been issued, the amount of the judgment shall be paid out of the proper appropriation by the Treasury.

That statute serves to explain that portion of *Cochran* upon which the government relies and which has been set out above, that is:

> ... But, where there is a judgment and a certificate of probable cause, and thus a case for payment out of the treasury under sect. 989, and then, by direction of the government, a writ of error is taken which operates as a stay, interest on the judgment during the stay ought to be allowed, and the statutes not only do not forbid such allowance, but permit it.

Clearly, neither the statute nor the reference is applicable here, for at least two reasons: (1) the Secretary of HUD being neither "a collector or a revenue officer"; (2) in denying the government's petition for a rehearing, the Court of Appeals, in its order of August 15, 1990, expressly stated that the Secretary is not obliged to satisfy

---

**2.** The Note to subdivision (e) of the Advisory Committee on Rules states that it restates 28

U.S.C. § 2408, formerly § 870 (Bond: not required of the United States).

the judgment out of treasury funds but only out of non-treasury funds that are available to him.

The other statutory references in the portion of the opinion on which the government presumptively relies are to §§ 1000 and 1001 of the Revised Statutes of 1878. Section 1001 has been discussed above. Section 1000 reads as follows:

Sec. 1000 Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any Department of the Government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid.

The origin of § 1000 is to be found in the Acts of the First Congress, 1 Stat. 84–85, being Ch. 20, Sec. 22 L. 1789, more familiarly known as the First Judiciary Act.

Upon enactment of the United States Code, published in 1926, § 1000 was carried forward as 28 U.S.C. § 869. When Title 28 was revised by L.1948, Ch. 646, § 1, the statute was omitted entirely.

That those statutes were understood to relate only to security for costs and supersedeas bonds, and not to the court's power to enforce its judgment, is apparent not only from their plain text, but is exemplified by the Third Draft of the proposed Revision of Title 28 in 1945, undertaken pursuant to the authority of the Committee on Revision of the Laws of the House of Representatives. Section 2110 of the draft read:

Security for Costs. Bond or other security for costs in the sum of at least $250 shall be required on appeal in every civil case unless a supersedeas bond is filed or unless the appeal is taken by or in behalf of the United States.

The Reviser's Note says that the proposed section is based on 28 U.S.C. § 869 (R.S. § 1000). It goes on to say that § 869 was completely re-written in the light of

Rule 73, Fed.R.Civ.P. It is significant to note that Rule 73 was abrogated effective July 1, 1968 and was transferred to Rule 8, Fed.R.App.P. which has been previously set out. It is also significant to note that 28 U.S.C. § 2408, supra, is cross-referenced following the text of Rule 8.

To the extent that Schell v. Cochran relied at all upon what eventually became 28 U.S.C. § 869, that statute has long since been repealed and in any event, never embodied the principle the government insists is applicable.

In sum, the essence of the decision in Schell v. Cochran is concisely stated in the syllabus to the opinion as follows: "Where a collector of customs brings a writ of error to review a judgment recovered against him for moneys exacted by and paid to him on entries, this court will, if it affirms the judgment, allow interest on it. . . ." The "final judgment" in such case, payable under § 989 of the Revised Statutes (now 28 U.S.C. § 2006) is that rendered by the court below pursuant to the mandate of the United States Supreme Court. The principle upon which the government has so doggedly relied and which it vigorously asserts is to be found in Schell v. Cochran has eluded this court's reading of that case.

In its Memorandum of Law in Support of its Motion for Reconsideration, the government states, at p. 7, that in its letter of September 17, 1990, it "attempted to remind the court that the exception . . . is not applicable here because when the government files a notice of appeal it operates as a supersedeas and stays enforcement of the judgment" citing Mixter and Schell. In that letter, the government relies upon 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ("Moore's") ¶ 203.11, Rule 62(e), Fed.R.Civ.P., and 7 Moore's ¶ 62.01[9], each of which will be considered in turn.

9 Moore's ¶ 203.11 reads in relevant part as follows:

The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the

appeal from the district court to the court of appeals.[1] It divests the court of authority to proceed further with respect to such matters, *except in aid of the appeal* [2] *... or in aid of the execution of the judgment that has not been superseded,*[4] *...*

In relying upon that paragraph of Moore's, it would seem that the government did not read beyond the first sentence. It is also clear from a reading of footnote 4 that the word "superseded" relates to a "supersedeas bond" to which reference has previously been made. Footnote 4 reads:

> [4] *National Service Industries, Inc. v. Vafla Corp.,* 694 F.2d 246 (11th Cir. 1982), citing **Treatise** (when the defendant appealed entry of summary judgment in favor of the plaintiff in a breach of contract action, but neither posted a *supersedeas bond* nor moved for a stay of judgment pending appeal, the district court properly treated the judgment as final, ordered post-judgment discovery in aid of execution, and held defendant in contempt for refusal to comply; the district court's power to order post-judgment discovery in aid of execution is not precluded by an appeal); *International Paper Co. v. Whitson,* 595 F.2d 559 (10th Cir.1979), citing *Treatise; Sirloin Room Inc. v. American Employers Ins. Co.,* 360 F.2d 160 (5th Cir.1966). (Emphasis added).

Rule 62(e), Fed.R.Civ.P., provides:

> (e) STAY IN FAVOR OF THE UNITED STATES OR AGENCY THEREFORE. When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government. of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

In discussing this Rule, the commentator writes (7 Moore's ¶ 62.07):

> Subdivision (e) of Rule 62 is substantially derived from former 28 USC § 870 (1940).[1] "When an appeal is taken by the United States or an officer or agency

thereof or by direction of any department of the Government of the United States," *and a stay is authorized under other subdivisions of Rule 62,* the United States is entitled to a stay without the necessity of giving bond, obligation or security. Thus, where a money judgment is entered against a collector of customs, and an appeal is taken by direction of a department of the government, the appeal operates as a supersedeas.[2] Similarly, a defendant national bank and a receiver thereof appealing under the direction of the comptroller of currency need not execute a supersedeas bond in order to be entitled to a stay of execution or other proceedings for enforcement.[3] The receiver, however, must show that he was acting under the express direction of the comptroller.[4]

Footnote 1 states that 28 U.S.C. § 870 (1940) is now 28 U.S.C. § 2408 which has been set out above. Footnote 2 cites *Schell v. Cochran,* 107 U.S. 625, 2 S.Ct. 827, 27 L.Ed. 543 (1882) and footnote 3 cites *Pacific National Bank v. Mixter,* 114 U.S. 463, 5 S.Ct. 944, 29 L.Ed. 221 (1885) each of which was discussed above. It is particularly significant to note in the light of 28 U.S.C. § 2006 also discussed above that in *Schell,* the money judgment was entered against a collector of customs and in *Mixter* the receiver was acting under the direction of the comptroller. It is also significant to note that in the cases cited in footnote 4 the decisions of the court, relevant to the issue here, rest upon § 1001 of the Revised Statutes of 1878 which was previously discussed. It has also been previously demonstrated that 28 U.S.C. § 870 to which the commentator refers is currently 28 U.S.C. § 2408 and that no other subdivision of Rule 62 authorizes a stay.

Finally 9 Moore's ¶ 62.01[9] merely refers to the Original Committee Notes of 1937 to Rule 62(e) as follows:

> This states the substance of USC Title 28, § 870 (Bond; not required of the United States.) [4]

---

[4] 28 USC § 870 (1940) is now covered by 28 USC § 2408.

A careful reading of the statutes, their historical antecedents and the commentator upon which the government relies would have plainly revealed that when the government files a notice of appeal it need not file a bond and that the notice in and of itself, does not operate as a stay.

The government would distinguish *National Service Industries v. Vafla, supra,* and the other cases cited in the October 4, 1990 Memorandum and Order on the ground that neither of those cases involved a money judgment rendered against the government. In essence that argument is that *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916) would have no application to the collapsed wheel of a car because the car involved is a Ford.

Rule 3(j) of the Local Rules authorizes a motion for reargument when matters or controlling decisions have been overlooked. Oral argument shall be heard only if the court grants the motion and specifically directs that the matter be reargued orally. Because there are no matters or controlling decisions that the court has overlooked, the motion is denied.

The court will strenuously resist the temptation to direct the government to show cause why additional sanctions should not be imposed either under Rule 11, Fed.R.Civ.P., or under 28 U.S.C. § 1927, for surely these proceedings have been needlessly multiplied. That temptation is particularly great in view of the fact that late in the afternoon (approximately 5 p.m.) of the day preceding the return day of this motion, the government delivered to Chambers a letter advising that "the Secretary of HUD hereby withdraws his motion for reconsideration of this court's Memorandum and Order dated October 4, 1990." Payment to the plaintiff is long overdue. It has long ago furnished its labor and materials to the defendants and has not been compensated. Its right to be compensated has been adjudicated by this court and by the Court of Appeals. The failure of the government of the United States to discharge its obligation does not reflect

well on it and it is hoped that at long last it will let right be done.

SO ORDERED.