**Isabel HOBAN**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** Appellant.

No. 87–7235.

United States Court of Appeals, District of Columbia Circuit.

March 22, 1988.

Sara E. Lister, General Counsel, Robert J. Kniaz, Associate General Counsel, and Janet B. Rubin, Asst. General Counsel, Washington Metropolitan Area Transit Authority, Washington, D.C., for appellant.

ON APPELLANT'S MOTION TO STAY EXECUTION OF JUDGMENT

Before ROBINSON, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Isabel Hoban brought a personal injury action against Washington Metropolitan Area Transit Authority ("WMATA") to recover damages for injuries she sustained while alighting from a Metrobus. The district court awarded Hoban a lump sum payment of $595,000. Thereafter, the district court instructed the parties to agree on the amount of No–Fault benefits to be deducted from the award.[1] On November 13, 1987, Hoban filed a motion to amend the judgment seeking a reduction. This motion was opposed by WMATA. Meanwhile, WMATA moved to stay execution of the judgment because it was contemplating taking an appeal. Rejecting as meritless WMATA's contention that it was entitled to a stay as a matter of right without posting a supersedeas bond, the district court denied WMATA's motion. On the same day, the district court entered the order reducing the judgment. WMATA appeals from both the order denying the stay and the order reducing the judgment. WMATA now moves this court to stay execution of the district court's judgment pending appeal without requiring the posting of a supersedeas bond.

Here, as it did in the district court, WMATA argues that pursuant to Rule 62(f) of the Federal Rules of Civil Procedure,[2] it is entitled to the stay as a matter of right without posting bond. WMATA refers to D.C. Superior Court Rule 62(e) as the state law incorporated by reference in Fed.R.Civ.P. 62(f). While WMATA's argument is somewhat sketchy, we conclude that WMATA is entitled to a stay as a matter of right without posting a supersedeas bond.

Rule 62(f) of the Federal Rules of Civil Procedure entitles a judgment debtor to the same stay in the district court as would be accorded in a state court if (1) the judgment would result in a lien on the property of the judgment debtor and (2) the judgment debtor is entitled to a stay. In satis-

---

1. WMATA was entitled to an offset amount under the District of Columbia No–Fault Statute. D.C.Code § 35–2102 et seq. (cum.supp.1983).

2. Rule 62(f), Fed.R.Civ.P. provides:

   (f) Stay According to State Law. In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state.

faction of the first requirement, local law states that a money judgment is a lien on the property of the judgment debtor. D.C. Code § 15–102 (1981). With respect to the second requirement, the process for determining whether WMATA is entitled to a stay is not as direct. WMATA argues that D.C. Superior Court Rule 62(e)[3] entitled WMATA, an instrumentality of the District of Columbia,[4] to a stay without posting bond. Superior Court Rule 62(e) states in pertinent part:

> When an appeal is taken by the United States, District of Columbia or an officer or agency thereof, ... and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from appellant.

This rule clearly exempts WMATA from posting a bond when a judgment is stayed. Literally read, however, it does not entitle WMATA to a stay as a matter of right. Rather, one must read Superior Court Rule 62(e) in tandem with Superior Court Rule 62(d), to determine whether WMATA is entitled to a stay as a matter of right. Superior Court Rule 62(d) grants an automatic stay when a supersedeas bond is posted.[5] *Cf. Federal Prescription Service, Inc. v. American Pharmaceutical Association,* 636 F.2d 755, 757–58 (D.C. Cir.1980) (referring to Fed.R.Civ.P. 62(e)). Superior Court Rule 62(e) operates to provide an exception to the bond requirement of Superior Court Rule 62(d).[6] Accordingly, WMATA, as an agency of the District of Columbia, is entitled to a stay as a matter of right without posting a supersedeas bond.

---

**3.** Superior Court Rule 62 and its subsections are identical to Fed.R.Civ.P. 62 and its subsections, except for the addition of the District of Columbia to Super.Ct.R. 62(e) and the omission of subsection (f). The federal version of Rule 62(f) refers to stays according to state law.

**4.** The Washington Metropolitan Transit Regulation Compact declared WMATA an instrumentality of the District of Columbia, Maryland and Virginia. *See* D.C. Code § 1–2411 (1981).

**5.** Super.Ct.R. 62(d) provides in pertinent part: When an appeal is taken the appellant by giving a *supersedeas* bond may obtain a stay subject to the exceptions contained in the subdivision (a) of this rule.

None of the subdivision (a) exceptions is applicable to the case at bar.

**6.** *See* 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 62.07, at 62–36 (2d ed. 1985) (" 'When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States' and a stay is authorized under other subdivisions of Rule 62, the United States is entitled to a stay without the necessity of giving bond, obligation or security.").