**In re A. Milton RAPE and Bonnie W. Rape, d/b/a Mil–Bon Farms, Debtors.**

Misc. No. 2004–P.
No. C–B–88–960.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 1, 1989.

Robert L. Lindsey, Jr., Lindsey and Schrimsher, P.A., Charlotte, N.C., for debtors.

Wayne Sigmon, trustee, Gastonia, N.C., trustee.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for U.S.

Thomas Waldrep, Winston–Salem, N.C., for respondent.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the United States of America's Motion for Stay Pending Appeal, filed March 10, 1989, pursuant to Bankruptcy Rules 7062 and 8005 and Rule 62 of the Federal Rules of Civil Procedure. The United States of America ("the Government") is seeking, on behalf of its agency the Farmers Home Administration ("FmHA"), a stay of the bankruptcy court's Order Confirming Amended Chapter 12 Plan, filed February 17, 1989 in *In re A. Milton Rape and Bonnie W. Rape*, C–B–88–960, pending the appeal by FmHA of the bankruptcy court's February 17th order. The Government argues in its Motion that under Rule 62 of the Federal Rules of Civil Procedure, and the applicable Bankruptcy Rules, it is entitled *as a matter of right* to a stay of the bankruptcy court's order pending appeal, without the necessity of posting a supersedeas bond. The Government argues, alternatively, that this Court should grant a discretionary stay pending appeal. On March 15, 1989, this Court entered an order temporarily staying Judge Wooten's Order Confirming Amended Chapter 12 Plan, filed February 17, 1989, to give to the Debtors and the Trustee, and any other interested parties, an opportunity to present to this Court legal authorities and arguments on the matter. On March 24, 1989, this Court received the Debtors' legal memoranda in opposition to the Government's motion for stay. This Court has carefully considered the parties' legal arguments and is of the opinion that the Government is entitled as a matter of right, without the necessity of posting a supersedeas bond, to a stay of the bankruptcy court's order. This Court, however, will permit the Debtors to make certain limited payments under the Chapter 12 Plan if the Government's appeal has not been determined by July 15, 1989.

NOW, THEREFORE, IT IS ORDERED that the bankruptcy court's Order Confirming Amended Chapter 12 Plan, filed February 17, 1989 in *In re A. Milton Rape and Bonnie W. Rape*, C–B–88–960, is *STAYED* pending this Court's resolution of the Government's appeal; if this Court has not determined the Government's appeal by July 15, 1989, the Debtors shall be permitted—on July 15, 1989—to make their pay-

ments to the Farmer's Home Administration and to the Farm Credit Bank of Columbia, as provided for in the Chapter 12 Plan.