**UNITED STATES of America, Plaintiff,**

v.

**UNITED STATES FISHING VESSEL MAYLIN, including her fishing gear, furniture, engines, appurtenances, stores, and cargo, and the Proceeds From the Sale of 431 Pounds of fish and 377 pounds of Lobster and Lobster Tails, More or Less, to WIT: $1,942.40, Defendants.**

**No. 89–10056–CIV.**

United States District Court,
S.D. Florida.

April 26, 1990.

See also, D.C., 725 F.Supp. 1222.

B.J. Throne–Conte, Asst. U.S. Atty., for plaintiff.

Michael H. Tarkoff, Miami, Fla., for claimant Jose Torres.

Sanford F. Dernis, Miami, Fla., for claimant Ceila Carmen Torres.

ORDER DENYING GOVERNMENT'S MOTION FOR STAY;

ORDER GRANTING CLAIMANT'S MOTION FOR RELEASE OF SEIZURE AND ENFORCEMENT OF JUDGMENT;

ORDER DIRECTING MARSHALL TO RELEASE SUBJECT VESSEL AND OTHERWISE ENFORCE THE JUDGMENT OF THIS COURT

JAMES LAWRENCE KING, Chief Judge.

Claimant Jose Torres has moved this court for release of his seized vessel and for enforcement of the judgment entered in his favor. Plaintiff United States opposes this motion: it requests that the court grant it a stay of execution of the final judgment, pursuant to Federal Rule of Civil Procedure 62(d), and allow it to retain the vessel.

Federal Rule of Civil Procedure 62(d) provides that

> [w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

In addition, Federal Rule of Civil Procedure 62(e) waives the requirement of a bond where the United States is an appealing party.[1] The language of the rule allows the court to grant a stay where bond is posted or where the Government claims its entitlement to exemption; it does not mandate that it do so. Generally, a party may obtain a stay of proceedings pending appeal when it satisfies a four-part test, as laid down by the Eleventh Circuit. *See Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.), *cert. denied,* 479 U.S. 889, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986); *Hilton v.*

---

1. The net effect of the two subsections working together is to gain the Government an automatic stay of all actions which it appeals.

*Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). Defendant argues that it need not satisfy that test, however, since it moves for stay under Federal Rule of Civil Procedure 62. Defendant's motion intimates that under Rule 62 the court must grant it a stay as a matter of right. The court will analyze the application of Rule 62 to this case and deduce what standard to apply to the Government's request for stay.

 A stay appears automatic under Rule 62 where the controverted subject of the judgment is money. For instance, Justice Harlan, in a memorandum Supreme Court opinion granting a stay, wrote that "a party taking an appeal from the District Court is entitled to a stay of a *money judgment* as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.,* 87 S.Ct. 1, 17 L.Ed.2d 37 (1966) (emphasis added). Stay as a matter of right lies where the judgment involved is monetary, because the bond serves to guarantee the judgment in kind with interest. In addition, when it seeks a stay, the Government need not actually post the bond, as the court can look to the fisc for a guarantee on the judgment.

The Fifth Circuit's decision in *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189 (5th Cir.1979), echoes this logic. There, the court held that "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190 (5th Cir.1979). The court went on to discuss the method by which to determine the proper amount of the bond to protect the non-appealing party's rights. In its discussion, the court cited original Civil Rule 73(d)—the predecessor to Rule 62(d)—which provided that the court should consider, when calculating the amount of the supersedeas bond, the "whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for

delay ..." *Poplar Grove,* 600 F.2d at 1191. Thus, the court in *Poplar Grove* contemplated that the supersedeas bond would act to adequately secure the judgment, and if need be, compensate the non-appealing party for any loss incurred because of the stay of judgment. Courts could accomplish this objective in money judgment cases through use of a bond as a kind-for-kind security to guarantee the judgment.

This case differs from the situation of a money judgment in that the non-appealing party here cannot be adequately compensated by any fiscal guarantee. Claimant here is a commercial fisherman and his boat his primary source of income. In this case, the Government cannot and will not reimburse claimant for the lost use of his boat and the income that it may produce for him over the many months that its appeal may be pending on the Circuit. The idiosyncracies of this case demand that the court apply the standard four-factor test to determine whether a stay is just and warranted. Moreover, the language of the rule is permissive, and suggests that the court apply the four-factor test for stay.

To obtain a stay of judgment, the court must determine: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). "Ordinarily the first factor is the most important." *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.), *cert. denied,* 479 U.S. 889, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986).

In this case, the Government cannot meet the above-outlined test. First, the Government will not likely succeed on the merits on appeal; the court carefully considered the issues raised on appeal, and believes that it reached the correct resolution. Second, in a worst-case scenario, the applicant would suffer some injury absent a stay: Claimant might allow his boat to

deteriorate or be destroyed. Third, this possible injury, however, is outweighed by the injury that will occur to claimant should the court grant a stay.[2] Claimant is a commercial fisherman who derives his income through use of his boat. Therefore, to prevent him from using that boat for an extended period of time will directly affect his livelihood. Finally, the public interest lies in enforcing final judgments, and aiding citizens to carry out an honest living. To return the boat to claimant so that he might continue to support himself and his family serves the public interest. Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that the Government's motion for stay of the judgment pending appeal is hereby DENIED. The court further

ORDERS and ADJUDGES that claimant Jose Torres' motion to enforce the judgment and for release of seizure is hereby GRANTED and the U.S. Marshall Service, which now holds the vessel, SHALL RELEASE it to claimant Jose Torres.

DONE and ORDERED.

---

2. The Government argues that claimant's wife may lose any stake in the vessel should the court order its return to claimant. Claimant Celia Carmen Torres, in the pretrial stipulation, consented to forfeiture of the proceeds in this case should the court dismiss the action against the Maylin vessel. Moreover, claimant Celia Carmen Torres has not opposed her husband's opposition to stay, nor did she oppose his motion to dismiss. Finally, Celia Carmen Torres may dispute her respective ownership in the vessel in state court—in quiet title or other proceedings.