134 Nev., Advance Opinion 24

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLARK COUNTY OFFICE OF THE CORONER/MEDICAL EXAMINER, Appellant, vs. LAS VEGAS REVIEW-JOURNAL, Respondent. | No. 75095 FILED APR 1 2 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ CHIEF DEPUTY CLERK |

Motion for stay pending appeal without supersedeas bond or other security.

*Motion granted.*

Steven B. Wolfson, District Attorney, and Laura C. Rehfeldt, Deputy District Attorney, Clark County; Marquis Aurbach Coffing and Micah S. Echols, Las Vegas,
for Appellant.

McLetchie Shell LLC and Margaret A. McLetchie and Alina M. Shell, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.[1]

_____

[1]The Honorable Mark Gibbons, Justice, did not participate in the decision of this matter.

18-14015

## OPINION

By the Court, DOUGLAS, C.J.:

Appellants may obtain a stay of a money judgment pending appeal upon posting a supersedeas bond pursuant to NRCP 62(d). Under NRCP 62(e), when a state or local government appeals and the judgment is stayed, no bond is required. Nevertheless, here, the district court denied appellant Clark County Office of the Coroner/Medical Examiner's motion to stay enforcement of the attorney fees and costs judgment awarded to respondent Las Vegas Review-Journal (LVRJ) under NRS 239.011(2) after it prevailed on its public records request to obtain certain autopsy reports. The Coroner's Office then moved this court for a stay. We conclude that, as a local government entity that moved for a stay under these provisions below, the Coroner's Office was entitled to a stay of the money judgment without bond or other security as a matter of right.

## DISCUSSION

The Coroner's Office asserts that a stay from the attorney fees and costs award should have been granted as a matter of right under NRCP 62(d), with no bond required per NRCP 62(e).[2] NRCP 62(d) provides as follows:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing

---

[2]LVRJ contends that NRCP 62 does not apply here because that rule applies in district court actions and the motion before this court is governed by NRAP 8. In considering the motion for stay, however, this court may review the district court order denying a stay without security below. *See Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005), *as modified* (Jan. 25, 2006).

 

the notice of appeal. The stay is effective when the supersedeas bond is filed.[3]

And NRCP 62(e) reads:

> When an appeal is taken by the State or by any county, city or town within the State, or an officer or agency thereof and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.[4]

We have addressed these rules in two pertinent cases. In *Public Service Commission v. First Judicial District Court*, we considered whether the appellant, a state entity, was entitled as of right to a stay of a district court order granting a petition for judicial review and directing it to grant the respondent Southwest Gas Corporation's application to impose a surcharge, merely upon filing a notice of appeal and without posting a supersedeas bond. 94 Nev. 42, 574 P.2d 272 (1978), *abrogated in part by Nelson*, 121 Nev. at 834 n.4, 122 P.3d at 1253 n.4. There, the court "interpret[ed] the 'may' in Rule 62(d) to be permissive and not mandatory and construe[d] the conjunctive 'and' contained in Rule 62(e) to require a separate and distinct application for a stay." *Id.* at 46, 122 P.3d at 275. As a result, we determined that a stay did not automatically arise merely

---

[3]Subsection (a) excepts injunctions and orders in receivership actions from the automatic stay provisions.

[4]*See also* NRS 20.040 ("In any action or proceeding before any court or other tribunal in this State, wherein the State of Nevada or any county, city or town of this State, or any officer thereof in his or her official capacity, is a party plaintiff or defendant, no bond, undertaking or security shall be required . . . , but on complying with the other provisions of law the State, county, city or town, or officer thereof, acting as aforesaid, shall have the same rights, remedies and benefits as though such bond, undertaking or security were given and approved as required by law.")

because the state entity filed a notice of appeal. *Id.* at 45-46, 574 P.2d at 274.

Several years later, in *Nelson v. Heer*, this court again considered whether NRCP 62(d) entitled the appellant to a stay upon posting a supersedeas bond. 121 Nev. at 834, 122 P.3d at 1253. Recognizing that "[t]his rule is substantially based on its federal counterpart, FRCP 62(d)," and that "[m]ost federal courts interpreting the rule generally recognize that FRCP 62(d) allows an appellant to obtain a stay pending appeal as of right upon the posting of a supersedeas bond for the full judgment amount," this court overruled *Public Service Commission* to the extent that it implied a stay is discretionary in such circumstances. *Id.* at 834 n.4, 122 P.3d at 1253 n.4. In so doing, the court expressly maintained the second holding in *Public Service Commission*: "*PSC*'s requirement that the State or a state agency file a motion for stay pending appeal is not in any way affected by this opinion, however." *Id.*

Notably, *Nelson v. Heer* involved an appeal from a money judgement, to which the automatic stay provisions of NRCP 62 apply, while *Public Service Commission* did not. Thus, neither case directly addresses the question here, whether the Coroner's Office is entitled to a stay from a money judgment for attorney fees and costs without bond under both NRCP 62(d) and NRCP 62(e) together. Most federal courts to have addressed the issue with respect to the analogous Federal Rules of Civil Procedure, however, conclude that the subsections should be read together to provide the government with a stay as of right without posting a bond.

For instance, in *Hoban v. Washington Metropolitan Area Transit Authority*, 841 F.2d 1157, 1159 (D.C. Cir. 1988), the court stated that the rules must be read "in tandem," such that the right to an automatic

stay upon posting a bond under subsection (d) and the exception to the bond requirement for the government under subsection (e) meant that the governmental agency "is entitled to a stay as a matter of right without posting a supersedeas bond." *Id.* (citing 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 62.07, at 62–36 (2d ed. 1985) ("When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States' and a stay is authorized under other subdivisions of Rule 62, the United States is entitled to a stay without the necessity of giving bond, obligation or security.")). *See also Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986) ("Judgments against the United States, for example, are paid out of a general appropriation (the 'Judgments Fund,' as it is called) to the Treasury. This makes Rule 62(e), which entitles the federal government (and its departments, agencies, and officers) to a stay of execution pending appeal, without its having to post a bond or other security, appropriate." (citations omitted)); *Rhoads v. F.D.I.C.*, 286 F. Supp. 2d 532, 540 (D. Md. 2003) ("Pursuant to Rules 62(d) and (e) of the Federal Rules of Civil Procedure, the FDIC is entitled to a stay of enforcement of the money judgment, and no bond is required of the United States when it seeks a stay pending appeal."); *United States v. U.S. Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D. Fla. 1990) ("Stay as a matter of right lies where the judgment involved is monetary, because the bond serves to guarantee the judgment in kind with interest. In addition, when it seeks a stay, the Government need not actually post the bond, as the court can look to the fisc for a guarantee on the judgment."); *In re Rape*, 100 B.R. 288, 288 (W.D.N.C. 1989) ("This Court . . . is of the opinion that the Government is entitled as a matter of

SUPREME COURT
OF
NEVADA

(O) 1947A

right, without the necessity of posting a supersedeas bond, to a stay of the bankruptcy court's order.").

Only a few federal district courts have disagreed. *See, e.g., In re Westwood Plaza Apartments*, 150 B.R. 163, 165-68 (Bankr. E.D. Tex. 1993) (holding that FRCP 62(e) is separate and independent from FRCP 62(d) and, thus, the United States is not entitled to supersedeas as a matter of right); *C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 750 F. Supp. 67, 72-76 (E.D.N.Y. 1990) (noting that the government was not entitled to supersedeas as a matter of right because the judgment was not stayed under any other subdivisions of FRCP 62, which is required under FRCP 62(e)). *Westwood Plaza Apartments*, however, involved staying a plan of reorganization pending appeal of the order confirming the reorganization plan, 150 B.R. at 164, and in *C.H. Sanders*, the court was addressing whether the government's notice of appeal gave rise to an automatic stay, without the need to separately seek one, 750 F. Supp. at 76. Both courts read the conjunctive "and" in FRCP 62(e) as requiring the government to obtain a stay under a different subsection or authority before the bond requirement is waived. 150 B.R. at 164; 750 F. Supp. at 73, 76.

We disagree with that interpretation. As noted above, we have already explained that the "and" means simply that the government is not entitled to a stay merely upon filing a notice of appeal, but rather must move for a stay in the district court. *Nelson*, 121 Nev. at 834 n.4, 122 P.3d at 1253 n.4; *Pub. Serv. Comm'n*, 94 Nev. at 45-46, 574 P.2d at 274. Upon motion, as a secured party, the state or local government is generally entitled to a stay of a money judgment under NRCP 62(d) without posting a supersedeas bond or other security.

SUPREME COURT
OF
NEVADA




(O) 1947A

## *CONCLUSION*

We conclude that NRCP 62(d) must be read in conjunction with NRCP 62(e), such that, upon motion, state and local government appellants are generally entitled to a stay of a money judgment pending appeal, without needing to post a supersedeas bond or other security. Further, in this case, LVRJ concedes that no irreparable or serious harm will ensue if the stay is granted. Therefore, the Coroner's Office is entitled to a stay of the attorney fees and costs judgment pending appeal, and the stay motion is granted pending further order of this court.

_____, C.J.
Douglas

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

CHERRY, J., concurring in part and dissenting in part:

As the majority points out, NRCP 62(e) precludes requiring a state or local government to post a bond or other security in order to obtain a stay pending appeal. However, nothing in that provision also suggests that a stay must be granted as a matter of right. Indeed, the only right discussed in subsection (e) is the waiver of any bond requirement.

Other courts have also noted that subsection (e) sets forth two requirements that must be met before the bond is waived: (1) the appellant must be the state or local government, and (2) the judgment must be stayed. No provision for a stay is made. In *In re Westwood Plaza Apartments*, the bankruptcy court analyzed the analogous federal rule's plain language, explaining that "[s]ubdivision (e) is complete and not dependent on subdivision (d)," as "[t]he second condition of subdivision (e) is not worded as to provide an appeal as a matter of right as the first sentence of subdivision (d) does," and if read together, that second condition "becomes superfluous." 150 B.R. 163, 166 (Bankr. E.D. Tex. 1993) (holding that the United States was not entitled to supersedeas as a matter of right). And in *C.H. Sanders Co. v. BHAP Housing Development Fund Co.*, the federal district court analyzed "[a] careful reading of the statutes, their historical antecedents and [a] commentator" and concluded that "when the government files a notice of appeal it need not file a bond and that the notice in and of itself, does not operate as a stay." 750 F. Supp. 67, 76 (E.D.N.Y. 1990) (holding that the government was not automatically entitled to supersedeas without bond because the judgment had not been stayed under any other provisions of FRCP 62, as FRCP 62(e) requires).

I read NRCP 62 in the same manner as those courts read the equivalent federal rule. Subsection (d) stays a money judgment when a

supersedeas bond is posted as security, and subsection (e) independently waives any bond requirement when a state or local government has obtained a stay, which necessarily must have been obtained under separate authority. *See, e.g.,* NRCP 62(b), (c), (h) (authorizing stays in various situations and granting the court power to condition such stays upon providing appropriate bond or other security); NRAP 8(a)(2)(E) ("The [appellate] court may condition relief on a party's filing a bond or other appropriate security in the district court."). Accordingly, the district court had discretion to deny the stay motion, and the Coroner's Office's motion to this court must be reviewed under the authority now applicable, NRAP 8.

Under NRAP 8(c), this court considers (1) whether the object of the appeal will be defeated in the absence of a stay, (2) whether the appellant will suffer irreparable or substantial harm in the absence of a stay, (3) whether the respondent will suffer irreparable or substantial harm if a stay is granted, and (4) whether the appellant is likely to prevail on the merits of the appeal. With regard to the first factor, the Coroner's Office has not explained how the payment of the attorney fees and costs award will defeat the object of the appeal, which is merely to reverse the award. Further, it does not appear that the Coroner's Office will suffer irreparable or serious harm if it is required to pay the judgment before the appeal is decided, as it merely asserts that it will be put in the position of having to recover the payment from LVRJ if the appeal is successful, a position that does not in and of itself constitute serious harm. And as for the third factor, LVRJ concedes that it will not suffer severe harm if a stay is granted. Thus, of the four NRAP 8(c) factors, the likelihood of success is perhaps the most relevant here. As for that factor, the plain language of NRS 239.011(2) provides that attorney fees and costs are to be awarded to persons who

prevail on public record requests, and even given the existence of a divergent ruling in another case below, I do not believe that the Coroner's Office has presented a legal question sufficient, when considered with the other factors, to warrant staying payment of the judgment. As LVRJ points out, the public interest in implementing the purpose behind the Nevada Public Records Act, and the fees and costs provision in particular, which is to encourage transparency within the government, as well as in saving on interest imposed on the fees and costs award, weighs in favor of denying a stay.[1] Accordingly, I would deny the stay.

_____, J.
Cherry

---

[1]NRAP 8 does not preclude this court from considering the public interest when determining whether a stay is warranted. *See* NRAP 8(c) (appellant courts "will generally consider" the listed factors in considering stay motions); *see also Hilton v. Braunskill*, 481 U.S. 770, 776, (1987) (providing that federal district and appellate courts will consider, as one factor, "where the public interest lies" when deciding a stay motion).