By the Court, DOUGLAS, C.J.:
Appellants may obtain a stay of a money judgment pending appeal upon posting a supersedeas bond pursuant to NRCP 62(d). Under NRCP 62(e), when a state or local government appeals and the judgment is stayed, no bond is required. Nevertheless, here, the district court denied appellant Clark County Office of the Coroner/Medical Examiner's motion to stay enforcement of the attorney fees and costs judgment awarded to respondent Las Vegas Review-Journal (LVRJ) under NRS 239.011(2) after it prevailed on its public records request to obtain certain autopsy reports. The Coroner's Office then moved this court for a stay. We conclude that, as a local government entity that moved for a stay under these provisions below, the Coroner's Office was entitled to a stay of the money judgment without bond or other security as a matter of right.
DISCUSSION
The Coroner's Office asserts that a stay from the attorney fees and costs award should have been granted as a matter of right under NRCP 62(d), with no bond required per NRCP 62(e).[2] NRCP 62(d) provides as follows:
When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is filed.[3]
And NRCP 62(e) reads:
When an appeal is taken by the State or by any county, city or town within the State, or an officer or agency thereof and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.[4]
We have addressed these rules in two pertinent cases. In Public Service Commission v. First Judicial District Court , we considered whether the appellant, a state entity, was entitled as of right to a stay of a district court order granting a petition for judicial review and directing it to grant the respondent *18 Southwest Gas Corporation's application to impose a surcharge, merely upon filing a notice of appeal and without posting a supersedeas bond. 94 Nev. 42, 574 P.2d 272 (1978), abrogated in part by Nelson, 121 Nev. at 834 n.4, 122 P.3d at 1253 n.4. There, the court "interpret[ed] the 'may' in Rule 62(d) to be permissive and not mandatory and construe[d] the conjunctive 'and' contained in Rule 62(e) to require a separate and distinct application for a stay." Id. at 46, 574 P.2d 272. As a result, we determined that a stay did not automatically arise merely because the state entity filed a notice of appeal. Id. at 45-46, 574 P.2d at 274.
Several years later, in Nelson v. Heer, this court again considered whether NRCP 62(d) entitled the appellant to a stay upon posting a supersedeas bond. 121 Nev. at 834, 122 P.3d at 1253. Recognizing that "[t]his rule is substantially based on its federal counterpart, FRCP 62(d)," and that "[m]ost federal courts interpreting the rule generally recognize that FRCP 62(d) allows an appellant to obtain a stay pending appeal as of right upon the posting of a supersedeas bond for the full judgment amount," this court overruled Public Service Commission to the extent that it implied a stay is discretionary in such circumstances. Id. at 834 n.4, 122 P.3d at 1253 n.4. In so doing, the court expressly maintained the second holding in Public Service Commission: "PSC 's requirement that the State or a state agency file a motion for stay pending appeal is not in any way affected by this opinion, however." Id.
Notably, Nelson v. Heer involved an appeal from a money judgement, to which the automatic stay provisions of NRCP 62 apply, while Public Service Commission did not. Thus, neither case directly addresses the question here, whether the Coroner's Office is entitled to a stay from a money judgment for attorney fees and costs without bond under both NRCP 62(d) and NRCP 62(e) together. Most federal courts to have addressed the issue with respect to the analogous Federal Rules of Civil Procedure, however, conclude that the subsections should be read together to provide the government with a stay as of right without posting a bond.
For instance, in Hoban v . Washington Metropolitan Area Transit Authority , 841 F.2d 1157, 1159 (D.C. Cir. 1988), the court stated that the rules must be read "in tandem," such that the right to an automatic stay upon posting a bond under subsection (d) and the exception to the bond requirement for the government under subsection (e) meant that the governmental agency "is entitled to a stay as a matter of right without posting a supersedeas bond." Id. (citing 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 62.07, at 62-36 (2d ed. 1985) (" 'When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States' and a stay is authorized under other subdivisions of Rule 62, the United States is entitled to a stay without the necessity of giving bond, obligation or security.")). See also Lightfoot v. Walker, 797 F.2d 505, 507 (7th Cir. 1986) ("Judgments against the United States, for example, are paid out of a general appropriation (the 'Judgments Fund,' as it is called) to the Treasury. This makes Rule 62(e), which entitles the federal government (and its departments, agencies, and officers) to a stay of execution pending appeal, without its having to post a bond or other security, appropriate." (citations omitted) ); Rhoads v. F.D.I.C., 286 F.Supp.2d 532, 540 (D. Md. 2003) ("Pursuant to Rules 62(d) and (e) of the Federal Rules of Civil Procedure, the FDIC is entitled to a stay of enforcement of the money judgment, and no bond is required of the United States when it seeks a stay pending appeal."); United States v. U.S. Fishing Vessel Maylin, 130 F.R.D. 684, 686 (S.D. Fla. 1990) ("Stay as a matter of right lies where the judgment involved is monetary, because the bond serves to guarantee the judgment in kind with interest. In addition, when it seeks a stay, the Government need not actually post the bond, as the court can look to the fisc for a guarantee on the judgment."); In re Rape, 100 B.R. 288, 288 (W.D.N.C. 1989) ("This Court ... is of the opinion that the Government is entitled as a matter of right, without the necessity of posting a supersedeas bond, to a stay of the bankruptcy court's order.").
*19 Only a few federal district courts have disagreed. See, e.g ., In re Westwood Plaza Apartments, 150 B.R. 163, 165-68 (Bankr. E.D. Tex. 1993) (holding that FRCP 62(e) is separate and independent from FRCP 62(d) and, thus, the United States is not entitled to supersedeas as a matter of right); C.H . Sanders Co., Inc. v. BHAP Hous. Dev. Fund Co., Inc., 750 F.Supp. 67, 72-76 (E.D.N.Y, 1990) (noting that the government was not entitled to supersedeas as a matter of right because the judgment was not stayed under any other subdivisions of FRCP 62, which is required under FRCP 62(e) ). Westwood Plaza Apartments, however, involved staying a plan of reorganization pending appeal of the order confirming the reorganization plan, 150 B.R. at 164, and in C.H. Sanders, the court was addressing whether the government's notice of appeal gave rise to an automatic stay, without the need to separately seek one, 750 F.Supp. at 76. Both courts read the conjunctive "and" in FRCP 62(e) as requiring the government to obtain a stay under a different subsection or authority before the bond requirement is waived. 150 B.R. at 164 ; 750 F.Supp. at 73, 76.
We disagree with that interpretation. As noted above, we have already explained that the "and" means simply that the government is not entitled to a stay merely upon filing a notice of appeal, but rather must move for a stay in the district court. Nelson, 121 Nev. at 834 n.4, 122 P.3d at 1253 n.4 ; Pub . Serv. Comm'n, 94 Nev. at 45-46, 574 P.2d at 274. Upon motion, as a secured party, the state or local government is generally entitled to a stay of a money judgment under NRCP 62(d) without posting a supersedeas bond or other security.
CONCLUSION
We conclude that NRCP 62(d) must be read in conjunction with NRCP 62(e), such that, upon motion, state and local government appellants are generally entitled to a stay of a money judgment pending appeal, without needing to post a supersedeas bond or other security. Further, in this case, LVRJ concedes that no irreparable or serious harm will ensue if the stay is granted. Therefore, the Coroner's Office is entitled to a stay of the attorney fees and costs judgment pending appeal, and the stay motion is granted pending further order of this court.
We concur:
Pickering, J.
Hardesty, J.
Parraguirre, J.
Stiglich, J.

LVRJ contends that NRCP 62 does not apply here because that rule applies in district court actions and the motion before this court is governed by NRAP 8. In considering the motion for stay, however, this court may review the district court order denying a stay without security below. See Nelson v. Heer, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005), as modified (Jan. 25, 2006).

Subsection (a) excepts injunctions and orders in receivership actions from the automatic stay provisions.

See also NRS 20.040 ("In any action or proceeding before any court or other tribunal in this State, wherein the State of Nevada or any county, city or town of this State, or any officer thereof in his or her official capacity, is a party plaintiff or defendant, no bond, undertaking or security shall be required ..., but on complying with the other provisions of law the State, county, city or town, or officer thereof, acting as aforesaid, shall have the same rights, remedies and benefits as though such bond, undertaking or security were given and approved as required by law.")