CHERRY, J., concurring in part and dissenting in part:
As the majority points out, NRCP 62(e) precludes requiring a state or local government to post a bond or other security in order to obtain a stay pending appeal. However, nothing in that provision also suggests that a stay must be granted as a matter of right. Indeed, the only right discussed in subsection (e) is the waiver of any bond requirement.
Other courts have also noted that subsection (e) sets forth two requirements that must be met before the bond is waived: (1) the appellant must be the state or local government, and (2) the judgment must be stayed. No provision for a stay is made. In In re Westwood Plaza Apartments , the bankruptcy court analyzed the analogous federal rule's plain language, explaining that "[s]ubdivision (e) is complete and not dependent on subdivision (d)," as "[t]he second condition of subdivision (e) is not worded as to provide an appeal as a matter of right as the first sentence of subdivision (d) does," and if read together, that second condition "becomes superfluous." 150 B.R. 163, 166 (Bankr. E.D. Tex. 1993) (holding that the United States was not entitled to supersedeas as a matter of right). And in C.H. Sanders Co., Inc. v. BHAP Housing Development Fund Co ., Inc. , the federal district court analyzed "[a] careful reading of the statutes, their historical antecedents and [a] commentator" and concluded that "when the government files a notice of appeal it need not file a bond and that the notice in and of itself, does not operate as a stay." 750 F.Supp. 67, 76 (E.D.N.Y. 1990) (holding that the government was not automatically entitled to supersedeas *20 without bond because the judgment had not been stayed under any other provisions of FRCP 62, as FRCP 62(e) requires).
I read NRCP 62 in the same manner as those courts read the equivalent federal rule. Subsection (d) stays a money judgment when a supersedeas bond is posted as security, and subsection (e) independently waives any bond requirement when a state or local government has obtained a stay, which necessarily must have been obtained under separate authority. See, e.g., NRCP 62(b), (c), (h) (authorizing stays in various situations and granting the court power to condition such stays upon providing appropriate bond or other security); NRAP 8(a)(2)(E) ("The [appellate] court may condition relief on a party's filing a bond or other appropriate security in the district court."). Accordingly, the district court had discretion to deny the stay motion, and the Coroner's Office's motion to this court must be reviewed under the authority now applicable, NRAP 8.
Under NRAP 8(c), this court considers (1) whether the object of the appeal will be defeated in the absence of a stay, (2) whether the appellant will suffer irreparable or substantial harm in the absence of a stay, (3) whether the respondent will suffer irreparable or substantial harm if a stay is granted, and (4) whether the appellant is likely to prevail on the merits of the appeal. With regard to the first factor, the Coroner's Office has not explained how the payment of the attorney fees and costs award will defeat the object of the appeal, which is merely to reverse the award. Further, it does not appear that the Coroner's Office will suffer irreparable or serious harm if it is required to pay the judgment before the appeal is decided, as it merely asserts that it will be put in the position of having to recover the payment from LVRJ if the appeal is successful, a position that does not in and of itself constitute serious harm. And as for the third factor, LVRJ concedes that it will not suffer severe harm if a stay is granted. Thus, of the four NRAP 8(c) factors, the likelihood of success is perhaps the most relevant here. As for that factor, the plain language of NRS 239.011(2) provides that attorney fees and costs are to be awarded to persons who prevail on public record requests, and even given the existence of a divergent ruling in another case below, I do not believe that the Coroner's Office has presented a legal question sufficient, when considered with the other factors, to warrant staying payment of the judgment. As LVRJ points out, the public interest in implementing the purpose behind the Nevada Public Records Act, and the fees and costs provision in particular, which is to encourage transparency within the government, as well as in saving on interest imposed on the fees and costs award, weighs in favor of denying a stay.[1] Accordingly, I would deny the stay.

NRAP 8 does not preclude this court from considering the public interest when determining whether a stay is warranted. See NRAP 8(c) (appellant courts "will generally consider" the listed factors in considering stay motions); see also Hilton v. Braunskill , 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (providing that federal district and appellate courts will consider, as one factor, "where the public interest lies" when deciding a stay motion).